**Emily HUDSON, By and Through her parent, Sharon HUDSON, Plaintiff–Appellant,**

**v.**

**BLOOMFIELD HILLS PUBLIC SCHOOLS, Defendant– Appellee,**

**Michigan Department of Education, Defendant.**

**No. 96–1055.**

United States Court of Appeals, Sixth Circuit.

Decided March 13, 1997.

---

Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.

RYAN, Circuit Judge.

Sharon Hudson filed this action pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(e)(2), to obtain federal court review of two state administrative decisions rejecting her challenge to the "individualized education program" (IEP) proposed for her daughter, Emily Hudson, by Bloomfield Hills Public Schools. The district court affirmed the judgment of the state hearing officer and Hudson filed the present appeal.

Hudson's principal arguments on appeal are substantially the same as the arguments she made before the district court. First, Hudson argues that the burden of proof has improperly been assigned to her throughout this protracted challenge to Emily's IEP. Second, she argues that the state hearing officer, the local hearing officer, and, most recently, the district court have improperly based their decisions on what they believe is "best" for Emily, rather than determining, as the IDEA requires, whether Emily can satisfactorily achieve the goals of her IEP in mainstream education classes. This is the crux of the dispute between Hudson and the school district. It is Hudson's belief that, with the assistance of certain supplementary aids and services, Emily can be satisfactorily educated in her neighborhood school.

Before we may proceed to consider the district court's decision with respect to these questions, two issues must be resolved. First, we reject the school district's argument that this case is moot. At oral argument, we learned that Emily remains eligible for and interested in enrollment in the school district. Given the nature of the pedagogical and legal disagreements which underlie this case, we are satisfied that the present controversy is not moot because it is likely both to be repeated and to evade review. *See, e.g., Daniel R.R. v. State Bd. of Educ.*, 874 F.2d 1036, 1039–41 (5th Cir.1989). Second, we

reject Hudson's argument that the district court erred when it refused to permit Hudson to submit additional evidence pursuant to section 1415(e)(2) of the IDEA. As the district court properly noted, Hudson's motion was not timely.

Turning to Hudson's principal arguments, we find, after a careful review of the record, that we are in agreement with the district court's reasoning and conclusions. Indeed, we find that we cannot improve upon the thorough and well-written opinion prepared by the Honorable Gerald E. Rosen of the district court; any effort to do so would be unwarranted and duplicative.

Accordingly, we adopt Judge Rosen's excellent opinion as our own, and for the reasons stated therein, hold that the district court's judgment should be **AFFIRMED**.